## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**ROBERT B. DAY,**
**Claimant Below, Petitioner**

**FILED**

March 3, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No.  16-0211** (BOR Appeal No. 2050766)
(Claim No. 2002009229)

**APPALACHIAN POWER COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Robert B. Day, pro-se, appeals the decision of the West Virginia Workers' Compensation Board of Review. Appalachian Power Company, by Henry C. Bowen, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 1, 2016, in which the Board affirmed the July 29, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 17, 2014, decision denying the addition of avascular necrosis and degenerative arthritis as compensable conditions and denying authorization for a consultation at the University of Virginia Department of Orthopedics. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Day, a meter reader, was injured on June 26, 2001, when he stepped into a small hole and twisted his left hip. X-rays of the left hip and pelvis taken that day revealed bilateral hip osteoarthritis, left greater than right, as well as slight left hip joint space narrowing. Mr. Day was diagnosed with a myofascial strain of the left groin. The claim was held compensable for displacement of lumbar intervertebral disc without myelopathy, left hip sprain, and other sprain/strain.

1

After continuing to experience pain in his left hip, Mr. Day started treating with Syed Zahir, M.D., on September 20, 2001. Dr. Zahir diagnosed a sprain of the left hip and trochanteric bursitis. Dr. Zahir continued to treat Mr. Day and changed the diagnosis to sprain of the right hip and avascular necrosis on July 9, 2002. Mr. Day continued to seek treatment on a regular basis. On September 17, 2014, Dr. Zahir wrote a letter regarding the compensable diagnoses and treatment. He opined that Mr. Day developed avascular necrosis one year after the trauma to the hip. In his opinion, the left hip injury Mr. Day sustained on June 26, 2001, was a major contributing factor for the avascular necrosis and arthritis.

Thomas Brown, M.D., at the University of Virginia Orthopedic Surgery Clinic, also treated Mr. Day. On June 27, 2006, Dr. Brown noted x-rays of the left hip showed a progression of the arthritis since the June 26, 2001, x-rays. In Dr. Brown's opinion, Mr. Day was going to need a hip replacement. In an August 11, 2014, letter to the claims administrator, Dr. Brown opined the work injury exacerbated the pre-existing hip condition and the 2001 injury was a contributing factor in the development of the arthritis in Mr. Day's left hip.

D. Kelly Agnew, M.D., performed a medical records review on July 2, 2012. In his opinion, the current symptoms were not related to the 2001 injury. Dr. Agnew found no documentation of structural damage to the left hip that would have aggravated, accelerated, or altered the natural aging process. In his opinion, the sprain and strain injuries would have resolved in as little as a few weeks or at most a few months after the 2001 injury. Christopher Chenault, M.D., performed a records review on September 17, 2012. Dr. Chenault stated that there was no evidence that the type of injury Mr. Day had on June 26, 2001, would result in degenerative arthritis of the hip. He found no medical relationship between the 2001 injury and the degenerative arthritis of the hip.

The claims administrator denied the request to add avascular necrosis and degenerative arthritis of the left hip as compensable conditions on December 17, 2014. The claims administrator also denied authorization for a consultation with the Department of Orthopedics at the University of Virginia. The Office of Judges affirmed the claims administrator's decision on July 29, 2015. The Office of Judges noted that Dr. Zahir reasoned that Mr. Day's injury was the major contributing factor for the avascular necrosis and arthritis. However, the Office of Judges did not find Dr. Zahir's opinion to be persuasive in light of the findings of Dr. Agnew and Dr. Chenault. The Office of Judges found that Dr. Brown did not state what aspect of the injury may have exacerbated the pre-existing arthritis. Dr. Agnew did not find any structural damage that would cause the arthritis. While Dr. Brown posed possibilities of how the problem could be work-related, he was not able to say for certain what would have caused the problem. The Board of Review adopted the findings of fact and conclusion of law of the Office of Judges and affirmed its Order on February 1, 2016.

After review, we agree with the reasoning of the Office of Judges and the conclusion of the Board of Review. Avascular necrosis is a degenerative process. The medical evidence shows that a soft tissue injury to the left hip would not have caused the avascular necrosis. The preponderance of medical evidence supports the finding that Mr. Day's avascular necrosis did not develop as a result of the 2001 injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 3, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

**DISSENTING:**
Justice Margaret L. Workman